Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4964 | **DATE** | 8/19/2010 |
| **CASE TITLE** | Michael Patten (#2010-0130126) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $8.28 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to: (1) mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608; and (2) provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**       **Docketing to mail notices.**

# STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the jail, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical and dental needs and by subjecting him to inhumane conditions of confinement.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $8.28. The supervisor of inmate trust accounts at the Cook County Jail is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district Court for failing to "question" the plaintiff's decision to join numerous defendants, and numerous distinct claims, in a single suit. *George*, 507 F.3d at 607.

In the case at bar, Plaintiff has submitted a complaint making distinct claims against Defendants who are related only to the extent that they are all employed at the jail. As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different Defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-Defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607.

The complaint on file seems to contain three basic claims: a medical claim, a dental claim, and a general conditions claim. Accordingly, Plaintiff's complaint is dismissed without prejudice. Plaintiff must choose a single, core claim against a discreet group of Defendants under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. The amended complaint must be limited to a single basic claim or group of Defendants. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

**(CONTINUED)**

**STATEMENT (continued)**

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not wish to pursue his claims at this time.

August 19, 2010　　　　　　　　　　　　　Enter:

　　　　　　　　　　　　　　　　　　　　/s/ David H. Coar
　　　　　　　　　　　　　　　　　　　　David H. Coar, U.S. District Judge